# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JUAN AMEZCUA ALEJO, | ) | 1:08-cv-01827-TAG HC |
| Petitioner, | ) | |
| v. | ) | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1) |
| J. SUGRUE, Warden, | ) | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE FILE |
| Respondent. | ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c), Petitioner and Respondent consented to the jurisdiction of the United State Magistrate Judge. (Docs. 3, 5).

Petitioner filed the instant federal petition on November 21, 2008. (Doc. 1). The petition alleges that in September 2005, Petitioner was convicted in federal court of 18 U.S.C. § 841(a)(1) and § 846. (Doc. 1, p. 2). Petitioner does not indicate the specific court in which he was convicted and sentenced nor does Petitioner indicate the length of his sentence.

Petitioner, a native of Mexico, claims that his trial counsel was ineffective in failing to raise as a mitigating factor at sentencing that Petitioner's convictions would subject him to removal from the United States. (Id.). Petitioner also maintains that the sentencing court should have departed downward from the sentencing guidelines because Petitioner's ineligibility for pre-release and minimum security confinement as a result of his status as a removable alien was not taken into account as a mitigating circumstance. (Id.). Petitioner also contends that the disparate

1

treatment of aliens such as Petitioner, in terms of the availability of sentence-reducing programs such as participation in drug programs, is unconstitutional. (Id. at p. 1). Petitioner seeks relief in the form of a reduced sentence. (Id. at p. 6).

**DISCUSSION**

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

Petitioner's allegations that his trial counsel was ineffective, that the sentencing court should have considered mitigating factors, i.e., his removal status, and that the disparate treatment of removable aliens in the federal sentencing laws is unconstitutional are all challenges to the validity or constitutionality of the sentence itself, and thus must be raised in a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Because Petitioner is challenging his sentence, not its execution, he is <u>precluded</u> from bringing such a collateral attack in a petition filed pursuant to § 2241. Grady, 929 F.2d at 470; Tripati, 843 F.2d at 1162;

Nevertheless, a federal prisoner authorized to seek relief under § 2255 may seek relief

2

under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (*quoting* § 2255). The Ninth Circuit has recognized that this is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); Holland v. Pontesso, 234 F.3d 1277 (9th Cir. 2000) (§ 2255 not inadequate or ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In this case, Petitioner does not allege that he has ever brought a § 2255 motion in the sentencing court, let alone that such a procedure would be inadequate or ineffective. Should Petitioner wish to pursue this claim in federal court, he must do so in the original sentencing court by way of a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]

**ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 1), is DISMISSED; and

///

---

[1] A petition for writ of habeas corpus pursuant to § 2255 *must be filed in the court where petitioner was originally sentenced*. In this case, Petitioner does not indicate in which court he was originally convicted and sentenced. However, whatever court originally sentenced Petitioner is the proper venue for filing a motion to vacate, set aside, or correct the sentence pursuant to § 2255.

3

2. The Clerk of the Court is DIRECTED to enter judgment for Respondent and close the file.

IT IS SO ORDERED.

Dated: **April 1, 2009**  /s/ **Theresa A. Goldner**
UNITED STATES MAGISTRATE JUDGE